FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAREEM MUHAMMAD,

Plaintiff-Appellant,

v.

CITY OF BAKERSFIELD; et al.,

Defendants-Appellees.

No. 14-17487

D.C. No. 1:12-cv-01199-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding[**]

Submitted December 14, 2016[***]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Kareem Muhammad appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging excessive force, unlawful arrest,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

[***]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and related state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We affirm.

The district court properly concluded that Muhammad's action was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in Muhammad's favor would necessarily imply the invalidity of his criminal conviction under California Penal Code § 148(a)(1). *See Heck*, 512 U.S. at 487 (§ 1983 action that necessarily implies the invalidity of plaintiff's conviction must be dismissed unless the conviction has been invalidated); *Smith v. City of Hemet*, 394 F.3d 689, 699 n.5 (9th Cir. 2005) (en banc) ("[A] jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of his conviction." (citations, internal quotation marks, and emphasis omitted)); *Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008) (California applies *Heck* principles to state law claims).

We construe the district court's summary judgment as dismissing the action without prejudice. *See Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (dismissals under *Heck* are without prejudice).

We do not consider arguments raised for the first time on appeal. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**